Peck, J.,
delivered the opinion of the court:
Joseph W. Price, of the State of Iowa, residing at Adel, in that State, asks to recover the sum of $234 as travelling allowances from the city of New York to his residence, upon his discharge from the military service.
Claimant was mustered out of service at Savannah, in the State of Georgia, and was furnished transportation by the government to the city of New York on his way homeward, but no further. His claim for transportation from New York to Adel, in Iowa, is denied him.
Claimant was mustered into service in Iowa, on the 24th of November, 1862, as 1st lieutenant in the 39th regiment of Iowa volunteer infantry. He enlisted for three years or during the war, and was discharged, at his own request, on the 6th of Jan- *170 nary, 1865, ten months before Ms term of enlistment had expired.
The case was argued sometime since and submitted for judgment, but was remanded to the docket because the final discharge of claimant, and the order under which it was issued, was not otherwise in proof than by his own testimony, which was considered insufficient; the return of the War Department then in the record not showing that claimant was honorably discharged, or that the disability mentioned was incurred in the line of his duty.
By a second return from the War Department, recently placed in the record, it is shown that the claimant was honorably discharged the service, his discharge having been granted on a surgeon’s certificate of disability, but it does not appear that the disability arose by anything that occurred in the line of his duty. •
By statute it is directed that whenever an officer shall be discharged from the service, except by way of punishment for an ofience, he shall be allowed his pay and rations, or an equivalent in money, for such term of time as shall be sufficient to travel from the place where he received his discharge to the place of his residence, computing at the rate of 20 miles to a day. (1 Stat. L., p. 754; 2 Stat. L., pp. 137, 764; 5 Stat. L., p. 7. See also 3 Stat. L., p. 616.)
It is also insisted that Army Begulation, No. 43, which conforms to the provisions of the statutes before referred to, was legalized by the third section of the Act of August 6,1861, (12 Stat. L., p. 326.)
The usage of the pay and other departments is not to allow for expenses of travelling where, as in this case, a.n officer leaves the service on tender of resignation, which is accepted. The reason assigned for the xiractice is, that the officer leaves the service upon his own request and for his .private benefit, and not because his services are no longer required. His place has to be supplied by another, who, if he leaves the service, must in turn be paid for travelling home, which would greatly increase the expenses of government. The Second Comptroller of the Treasury has made the following decision in reference to cases like the present:
“As a general rule, an officer who voluntarily quits the service is not entitled to travel-pay home, but when his resignation *171 and consequent honorable discharge are in consequence of wounds or disability incurred in the line of his duty, it is sometimes allowed as an exception, and by special decision.”
This ruling is applied alike to officers in the regular and the volunteer service.-
The expression of the laws “that whenever an officer shall be discharged from the service,” has reference to an involuntary discharge, and not to a case where an officer seeks to be relieved from his assumed obligations to the government, and anticipates his final discharge by offering his resignation. Claimant did not serve for the period of his enlistment, and it maybe that he desired to be released from his obligation for reasons advantageous to himself.
Where his disability arises from injuries or sickness incurred in the line of his duty, the compensation sought for is usually allowed. This practice is reasonable, and has been uniformly adhered to. The Paymaster General in his report to his superior officer upon this case says, “travelling allowance home was refused this officer, and, as a general practice, has been refused-in all cases of discharge on tender of resignation, by reason of prohibitory'rules of immemorial usage and practice in this office and with the treasury accounting officers.. We do not feel authorized to change this immemorial usage; it seems founded in law and justice.”
Had this claimant served for the full period for which he enlisted, his claim would rest upon reason and obligation, but as it is, we think it would be unreasonable to compel the government to reverse its immemorial usage in such cases and pay this claimant for travel which was performed not so much for its benefit as his own.
It is insisted, on the part of the claimant, that the rule of the pay department of the army and the accounting officers of the United States, which denies travelling allowances in cases like the present, is not only not sustained by law, but is against the express direction of several statutes.
It appears that a large number of officers were discharged from service under circumstances like those shown in this case, who have been refused travelling allowances; and it being suggested to the court that this is the pioneer of a large class of cases designed to test in the court of last resort the propriety of refusing such allowances, we shall render a judgment in his *172 favor, expecting the United States to take an appeal in tbe case, which the claimant could not if the judgment were ag’ainst him.
It is, therefore, ordered that a judgment be entered in favor of the claimant for travelling allowances from the place of his discharge from the service of the United States, as an officer, to the place of his enlistment, making the sum of $234.