# UNITED STATES *v.* SWEET.

## APPEAL FROM THE COURT OF CLAIMS.

No. 236. Argued and submitted April 15, 1903.—Decided April 27, 1903.

An officer of volunteers in the United States Army who tenders his resignation and is honorably discharged is not entitled to travel pay and commutation of subsistence, under Rev. Stat. § 1289, as amended by the act of February 27, 1877, c. 69, 19 Stat. 243, from the place of his discharge to where he was mustered in.

This decision is in accord with the settled practice of the War Department and the Treasury which has been to deny these allowances when the officer or soldier is discharged at his own request, for his own pleasure or convenience. The weight of a contemporaneous and long continued construction of a statute by those charged with its execution is well recognized in cases open to reasonable doubt.

THE case is stated in the opinion of the court.

Submitted by *Mr. Assistant Attorney General Pradt* and *Mr. Franklin W. Collins* for appellant.

Argued by *Mr. George A. King* for appellee. *Mr. William B. King* was on the brief.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here by appeal from a judgment of the Court of Claims in favor of the petitioner, Sweet. The petitioner was a second lieutenant of volunteers in the United States Army, tendered his resignation, and was honorably discharged on October 15, 1898. He was mustered into the service at St. Paul, Minnesota, his residence being Minneapolis. The place of his discharge was Camp Meade, Pennsylvania. He was not furnished transportation or subsistence, but returned to his residence at his own expense, and later brought this petition to recover travel pay and commutation of subsistence under Rev. Stat. § 1289, as amended by the act of February 27, 1877, c. 69, 19 Stat. 243, 244. That section allows the items demanded "when an officer is discharged from the service, except by way of punishment for an offence." The question whether the statute extends to cases like the present has been before this court twice, but has not been decided authoritatively. In one case the court was equally divided, *United States* v. *Price*, No. 60, December Term, 1870; *S. C.*, 4 C. Cl. 164. In the other the decision went off upon another point. *United States* v. *Thornton*, 160 U. S. 654; *S. C.*, 27 C. Cl. 342.

It is admitted that the settled practice of the War Department and of the Treasury has been to deny the allowances claimed when an officer or soldier is discharged at his own request, for his own pleasure or convenience. *Whitmeyer*, 3 Dec. of the Comptroller of the Treasury, 397, 398; *Weber*, 3 Dec. Comp. Treas. 640; 5 Dec. Comp. Treas. 113, 117; 5 Dec. Comp. Treas. 939, 941; *Bridges*, Second Comptroller's Letter

Book, vol. 18, p. 184; *Weevil*, Second Comptroller's Letter Book, vol. 26, p. 296. The weight of a contemporaneous and long continued construction of a statute by those charged with its execution is well recognized in cases open to reasonable doubt. *United States* v. *Johnston*, 124 U. S. 236, 253; *United States* v. *Finnell*, 185 U. S. 236, 244. But it is said that in this case the language of the statute admits of no doubt. It is argued that the words "except by way of punishment for an offence" exclude the implication of other exceptions to the rule. Some force was attributed also to the amendment to the Revised Statutes, which substituted for "honorably discharged from the service" the present words "discharged from the service, except by way of punishment for an offence." The change, however, is merely a recurrence to the language of the earlier statutes under which the practice of the War Department grew up, so that no particular weight can be given to that.

The words "discharged from the service, except by way of punishment for an offence," are found in the acts of March 3, 1799, c. 48, § 25, 1 Stat. 755; March 16, 1802, c. 9, § 24, 2 Stat. 137; January 11, 1812, c. 14, § 22, 2 Stat. 674; and January 29, 1813, c. 16, § 15, 2 Stat. 796. See further the acts of April 12, 1808, c. 43, § 5, 2 Stat. 483; March 3, 1815, c. 79, § 4, 3 Stat. 225; July 22, 1861, c. 9, § 5, 12 Stat. 269; July 29, 1861, c. 24, § 4, 12 Stat. 280; June 20, 1864, c. 145, § 8, 13 Stat. 145; March 16, 1896, c. 59, 29 Stat. 63; June 7, 1900, c. 860, 31 Stat. 708; February 8, 1901, c. 342, 31 Stat. 762. The phrase, "honorably discharged," seems first to have appeared in the Revised Statutes, and to have been amended back to the ancient form in three years. Except for that short intervening time, the allowance of travel pay and commutation of subsistence has gone on under the early words and the practical construction of them to which we have referred.

It follows that the only question is whether the meaning of the long used phrase is too clear for almost equally long established practice to control. It seems to us not to be so. It is quite true that in the military service the word "discharge" is the word applied to an order ending the service of an officer at

his own request. But in other connections it conveys the notion of a movement beginning with the superior and more or less adverse to the object, as, for instance, when we speak of discharging a servant. Usually it is a slightly discrediting verb. If it is taken in its ordinary meaning here, the exception in case of a discharge by way of punishment raises no difficulty, because a discharge on resignation is not within the meaning of the principal clause. The course of the departments has amounted to no more than interpreting the word in this exact sense.

Enlisted men are given similar allowances by § 1290 and the earlier statutes cited. By the act of June 7, 1900, c. 860, 31 Stat. 708, when the Secretary of War, in the exercise of his discretion, has directed the discharge "of any enlisted men . . . and the orders . . . stated that such enlisted men were entitled to travel pay," such order is to be sufficient authority for payment of the allowances under § 1290. This recognizes that it is usual to state in the order whether the soldier is entitled to travel pay or not, and seems to accept existing practices as they are. It has no effect upon the cases before us further than as another slight indication of the understanding in the service. But taking everything into account we are not prepared to overturn the long established understanding of the departments charged with the execution of the law.

*Judgment reversed.*

UNITED STATES *v.* BARNETT.

No. 235. Argued with No. 236, *ante,* p. 471, and by the same counsel.

MR. JUSTICE HOLMES : This is the case of an enlisted man who makes a claim similar to the above, under Rev. Stat. § 1290, as amended. He was discharged on his own application, and the order of discharge stated that he was not entitled to travel pay. The foregoing reasoning also governs this case.

*Judgment reversed.*