Barney, J.,
delivered the opinion of the court:
The decedent in this case was enrolled August 24, 1861, at Carlinville, Ill., and mustered into service as a private in Company C, Thirty-second Regiment Illinois Infantry, to serve three years. He was promoted through successive grades and finally to captain September 24, 1864; was wounded December 10, 1864; was granted leave of absence for thirty days December 26, 1864, and discharged by an order dated at Washington, D. C., February 23, 1865, upon tender of resignation, because of “ long-continued service and wound.” His discharge took effect February 25, 1865, at which time he was on duty in New York City, and he was there jiaid the jiay and allowance of his grade ip? to and including that date.
A claim was filed in the War Department by the claimant for travel pay and allowances for the decedent from New York City to Carlinville, Ill., and the same was disallowed by the Auditor for the following reason:
“ Officer having been at or near the place of entry into service at time of his discharge, traveling allowances are not due.”
Upon appeal the Comptroller reversed this decision and made an allowance to the claimant of $60.42, the same being *233 commutation for subsistence for traveling 1,060 miles, less $3.18 income tax.
This case arises upon the contention by the claimant that an allowance should have been made of “ travel pay * * * from the place of discharge to the place of his (decedent’s) residence, or original muster into service, computed at the rate of one day for every 20 miles,” which would have been fifty-three days’ pay, and, less the income tax, would have amounted to $100.70.
The claim is based upon the following statutes, section 1289 of the Revised Statutes providing as follows:
“ When an officer is honorably discharged from the service [except by way of punishment for an offense] he shall be allowed transportation and subsistence from the place of his discharge to the place of his residence at the time of his appointment, or to the place of his original muster into the service The Government may furnish same in kind, but in case it shall not do so, he shall be allowed travel pay and commutation of subsistence, according to his rank, for such time as may be sufficient for him to travel from the place of discharge to the place of his residence, or original muster into service, computed at the rate of one day for every twenty miles ”
The appropriation act of March 3, 1903 (32 Stat. L., pt. 1, 1137 and 1138), among other things provides as follows:
“Bade fay and bounty. — For payment of amounts for arrears of pay of two and three years’ volunteers, for bounty to volunteers and their widows and legal heirs, for bounty under the act of July 28, 1866, and for amounts for commutation of rations to prisoners of war in rebel States, and to soldiers on furlough, that may be certified to be due by the accounting officers of the Treasury during the fiscal year nineteen hundred and four, three hundred thousand dollars.”
The Comptroller, in making the allowance as mentioned, admits that “ it is improbable that the soldier was furnished subsistence any part of the distance (1,060 miles) from the place of discharge to the place of enrollment,” but says that “ the presumption is that on discharge he was furnished transportation by the Government from place of d’seharge to place of enrollment, and no evidence has been presented to overcome this presumption.”
*234 The rule seems to be well settled that when Congress makes an appropriation for the payment of a certain class of claims already barred by the statute of limitations, such claims are thereby revived and an intent is implied of a new promise to pay, founded upon the old consideration, (Simon v. United States, 19 C. Cls. R., 601; Sowle v. United States, 38 Ibid., 525; Galm v. United States, 39 Ibid., 55.)
It has been also well settled by numerous decisions of this court that when an appropriation act directs the payment of such claims as “ may be certified to be due by the accounting officers of the Treasury,” it does not vest in them exclusive jurisdiction of such claims. In such cases they simply act in their usual capacity of auditing officers, and the jurisdiction of this court remains unimpaired. (Hukill v. United States, 16 C. Cls. R., 562; Simon v. United States, 19 Ibid., 601; Sowle v. United States, 38 Ibid., 525.)
Hence we are called upon in this case to decide whether the above ruling of the Comptroller is correct, and whether the allowance already made is all to which the claimant is entitled.
It is contended by the claimant that the Government presumably has in its possession a complete and accurate record of all of its expenditures in such cases, and that if transportation had been furnished the decedent this record would show that fact; and that a contrary presumption should prevail unless a record of payment of transportation is produced.
The appropriation act quoted, under the decisions before cited, revived the claim of the decedent to the extent that the statute of limitation is not a bar to this action, and that the presumption of payment thereby created does not prevail as a more matter of law. However, this court is now called upon to try the question of fact whether the decedent was ever furnished transportation under the circumstances alleged or not, and in so doing we have the right to consider, and should consider, all the facts and circumstances before us in the case, and among them the fact that this claim accrued more than forty years since and has slept all of that time.
As a matter of fact it is not believed that at the time the decedent was discharged, and when thousands of soldiers *235 were being transported over private lines from place to place, the Government kept a complete record of each individual case in such transactions. Money was not furnished these officers, but they were given “ transportation,” a record of ■ which would likely only be kept between the Government and the railway or other transportation company which furnished the service and wherein the name of the officer would not appear.
For this reason we think it would be very dangerous to establish the precedent, at this late day, that in such cases the Government should be compelled to assume the burden of proving that transportation had been furnished.
We believe that in claims of this kind some evidence at least, either circumstantial or otherwise, should be furnished by the claimant to remove the presumption of fact which would naturally arise in every reasonable mind that the Government had discharged its duty in the premises.
It is the decision of the court, therefore, that the petition be dismissed.