Per Curiam:
This is a claim under Revised Statutes, section 1290, for travel pay by an enlisted man in the United States Army *160 who was discharged by way of favor. The defense is that the case comes within the ruling in the case of United States v. Sweet. (189 U. S., 471.)
In that case it was held, under a statute applicable to officers in the army but otherwise identical with the one applicable to enlisted men, that where an officer tendered his resignation and was honorably discharged he was not entitled to travel pay and commutation of subsistence under Revised Statutes, section 1289, as amended by the act of February 27, 1877. (19 Stat. L., 243.) That decision, the court says, is in accord with the settled practice of the War and Treasury departments, which grew up under prior similar statutes, the construction of which was open to reasonable doubt, and for that reason they were “ not prepared to overturn the long-established understanding of the departments charged with the execution of the law.”
The present case is like that, except that here the claimant, an enlisted man, while stationed with his company at Fort Ontario, N. Y. (in the Department of the East), and after the issuance of the order transferring his command to the Department of Alaska, applied to be discharged from the service by way of favor. His application was not acted upon until the actual transfer of his command as far as Seattle, Wash., when he was discharged by the special order set forth in the findings, in which it is recited that he was “ discharged by way of favor from the service of the United States,” and, further, that he was “ not entitled to travel pay.”
By reason of the delay in acting upon his application the claimant contends that he is entitled to travel pay from Seattle back to Fort Ontario, where he applied for his discharge.
The claim is not without some merit, but as the claimant’s discharge by way of favor was lodged wholly in the War Department — as was the movement of the troops — we are not at liberty to say that the delay was unreasonable or unjustifiable; and this being true, there is no ground upon which to base a recovery. Furthermore, it is not shown that the claimant, after the transfer of his company to Seat- *161 tie, withdrew his application for, or made objection to, being discharged. On the contrary, it appears that he accepted the discharge and returned to his home without even demanding travel pay until some three years later, when he filed a claim therefor in the Treasury Department. But as the question of his discharge by way of favor was lodged in the discretion of the War Department, it was for that department to determine when and where, if at all, the claimant should be discharged. The record in the War Department in this respect, therefore, controls, and such was the ruling of the Comptroller of the Treasury in rejecting the claim.
For the reasons given we must hold that the ruling in the case of United States v. Sweet, supra, is controlling, and the petition is therefore dismissed.