Hownv, Judge,
delivered the opinion of the court:
This is a claim for travel pay and subsistence by a former officer who commenced his Army duties at Indianapolis, Ind., and who resigned from the military service February 26, 1863, at Murfreesboro, Tenn. — the travel pay and subsistence claimed being from the place of discharge to the place of enrollment — and notwithstanding the resignation was tendered and accepted to suit the officer’s convenience. *220 The petition was filed September 13, 1910. The claimant, relying upon the Army records, offered no proof. Findings were filed November 11, 1912, including the statement that the officer was furnished transportation in kind to Nashville, Term., but had not been paid travel pay from that point (or travel subsistence from Murfreesboro) to the place of enrollment. This finding was evidently made upon the presumption that the Government was operating a railroad from Murfreesboro to Nashville. The conclusion of the court was upon the authority of the case of Sweet v. United States, 189 U. S., 471, that the demand was neither a legal nor an equitable claim against the United States.
Application was then made by the claimant to certify the findings to Congress. But defendants objecting, this motion was sent to the files. February 26, 1913, the claimant filed his own deposition disclosing that he had not been furnished transportation in kind for any part of the journey from the place of his discharge to the place of his enlistment and also disclosing a small discrepancy in the amount reported.
The objection of the defendants to the certification was supplemented by a motion to amend the findings by showing, among other things, that no evidence had been produced to prove that transportation in kind was or was not furnished the officer upon his discharge. March 18, 1913, claimant made a motion for a new trial, evidently proceeding upon the idea that the deposition of the claimant filed after the hearing would be considered by the court. The taking of this deposition was irregular and for purposes of trial without authority. Though this deposition had no proper place in the files, the court will consider the whole record on the various motions for new findings in place of those .now on file. We supplement the present and amended findings by this opinion to show the exact state of the case as it has come on recent submission to the court.
In Sanderson’s case, 41 C. Cls. R., 230, we adverted to the fact that at the time that claimant was discharged thousands of soldiers were being transported over private lines, but that money was not furnished to discharged officers or men. That is, that transportation was given indirectly when given at all. On the record as there presented the court was of *221 opinion that it would be dangerous to establish the precedent for such cases at this late day should the Government be compelled to assume the burden of proof.
The record of transportation to discharged officers or enlisted men seems to have been kept only between the Government and the transportation companies wherein the name of the officer or enlisted man would not remain of permanent record. War Department returns in the present case indicate that the names of officers or enlisted men receiving transportation would only be disclosed by the certificate furnished to them; but upon the surrender of the certificate the transportation company would settle the account with the United States. Under these circumstances the court is of opinion that some satisfactory evidence should be furnished by every claimant to remove the presumption naturally arising in the minds of reasonable men that the Government at the time of the discharge of officers and men from the military service had complied with the law in the matter of furnishing transportation whensoever proper.
In the present case the court has no reason, as in the case of Stone v. United States, 164 U. S., 382, to discredit the claimant where he alone testifies except his conduct and the lapse of time created by his neglect. The burden of proof is upon the claimant. His inattention has deprived the Government of any opportunity to defend. Nearly 50 years elapsed before the claimant undertook to, present any claim to the courts, and no effort seems to have been made by bim to support his present statement beyond what the archives in possession of the Government show. These archives do not show whether transportation was furnished and subsistence supplied.
The court does not undertake to declare an arbitrary rule of evidence, but does declare that the age of this claim, the failure to present it for nearly half a century to this court, and the meagerness of the testimony now offered to substantiate it is unsatisfactory. Especially is this so inasmuch as the claimant1 first went to trial without any statement of his own or anything whatsoever to make out his case.
The case of United States v. Sweet, supra, was not decided until about 10 years ago. The Supreme Court followed the *222 settled practice of the War Department and of the Treasury to deny allowances claimed when an officer or soldier is discharged at his own request and for his own pleasure and convenience. So this court and every other branch of tfie Government should follow a rule so long established and so essentially just. And for want of satisfactory proof, even if the rule were otherwise, there can be no. finding in the claimant’s favor.
It is ordered that the findings of the court be transmitted to Congress, together with a copy of this opinion.