DowNet, Judge,
delivered the opinion of the court:
This matter is before us on a motion filed by the plaintiff February 26, 1921, for a call on the Secretary of the Treasury for certain desired information. The call in itself does not present any question worthy of lengthy consideration, but it brings before the court facts with reference to the case which are of importance as bearing upon the right not only of this plaintiff to maintain this, action, but of a*number of others as to whose claims the same principle may apply. It is plainly apparent that if upon the face of the plaintiff’s petition it appears that he has no right to maintain the ac *286 tion, the court should not grant a motion for a call. Calls upon the departments are for the purpose of bringing into the record matter proper for consideration as evidence in support of the claim, standing necessarily in the same relation to the adjudication of the case as testimony otherwise taken, and section 165 of the Judicial Code provides that “ when it appears to the court in any case that the facts set forth in the petition of the claimant do not furnish any ground for relief it shall not authorize the taking of any testimony therein.”
This action is for the recovery of three months’ pay proper as a first lieutenant in the 11th Missouri Infantry Volunteers, under the act of March 3, 1865, 13 Stat. 497, as amended by the act of July 13, 1866, 14 Stat. 94. But we are not now called upon to consider the merits of the claim in itself.
Although perhaps not bearing materially on the question here involved, it may be appropriate to note that on February 21, 1903, a petition was filed by one John W. Lewis numbered 23163, with which on the same day over four thousand other petitions were filed, each bearing said number 23163, but each also bearing a subnumber, and among them,, bearing subnumber 2682, was a petition by this plaintiff. On November 18, 1903, an amended petition was filed by him on a printed form averring in general terms various classes of pay and allowances due him in connection with his service during the Civil War, within the terms of which was included the pay now herein claimed. On May 11, 1908, on plaintiff’s motion, this action was “ discontinued,” a term then in use in lieu of “ dismissed.” The present petition bears the same general number 23163 applied originally to this class of claims, but a new subnumber, and is. thus evidently an attempt to file under the original case. That, feature is, however, unimportant for present purposes.
The pending petition herein was filed October 29, 1920, and it appears therein, after averments as to the alleged service of the plaintiff, that upon a claim filed by him many years ago, the exact date not appearing, various allowances, were made by the accounting officers in different amounts at different times from August, 1887, to August, 1920, but that the item of three months’ pay proper had never been allowed *287 and had never been paid, and that on August 26, 1920, he had presented to the Auditor for the War Department a specific and separate demand for three months’ pay proper, which the auditor, under date of August 25, 1920 (evidently an inadvertent misstatement of dates), had disallowed for the stated reason that the plaintiff was not in commission from March 3rd to April 9, 1865, inclusive, and was not therefore entitled to said pay, and that upon appeal from such decision of the auditor the Comptroller of the Treasury had affirmed said decision not upon the ground specifically stated but upon the ground that the auditor had no authority to receive and consider the claim. After averments tending to show that the plaintiff is entitled to this pay the petition avers as follows:
“ That the sundry civil appropriation act for the fiscal year 1921, approved June 5, 1920, 41 Stat. 906, contains an appropriation for the payment of claims for arrears of pay and bounty of volunteers of the Civil War, and that your petitioner’s demand for said three months’ pay proper was presented to the auditor under said act; and that your petitioner is advised that under the decision of this court in the •claim of Lawson, 41 C. C. 230, said appropriation act removes the bar of the statute of limitation from said claim and amounts to a new promise to pay petitioner.”
The act of June 5,1920, referred to, is the sundry civil appropriation act for the fiscal year ending June 30, 1921, and therein (41 Stat. 906) is found the following provision:
“ Back pay and bounty: Eor arrears of pay two and three years volunteers, for bounty to volunteers and their widows and legal heirs, for bounty under the act of July. 28, 1866, and for amounts for commutation of rations to prisoners of war in the States of the so-called Confederacy, and to soldiers on furlough, that may be certified to be due by the accounting officers of the Treasury, during the fiscal year 1921, $1,000.”
For a number of years theretofore appropriations were carried in each annual sundry civil bill for the same purposes and in practically the same language, the amounts appropriated lessening as the years advanced. For the fiscal year 1920 (41 Stat. 163), there was appropriated $1,000.00; for the fiscal year 1919 (40 Stat. 666), $10,000.00; for the fiscal year 1918 (40 Stat. 141), $25,000.00; for the fiscal year *288 1917 (39 Stat. 297), $50,000.00; for the fiscal year 1913 (37 Stat. 453) (intervening years omitted), $200,000.00; for the fiscal year 1904 (32 Stat. 1137), $300,000.00. It is the provision in the last-mentioned act which is cited and made the basis of this decision in the case of Sanderson v. United States, 41 C. Cls. 230, which is referred to in the paragraph-above quoted from plaintiff’s petition as “ the claim of Lawson.”
In that case it was said “ the rule seems to be well settled that when Congress makes an appropriation for the payment, of a certain class of claims already barred by the statute of limitations, such claims are thereby revived and an intent is implied of a new promise to pay founded upon the old consideration,” citing cases, and “ the appropriation act quoted under the decisions before cited revives the claim of the decedent to the extent that the statute of limitations is not a bar to this action, and that the presumption of payment thereby created does not prevail as a mere matter of law.”
For the purposes of the present case we do not regard it as necessary to discuss the Sanderson case and the cases to which it refers nor to express our approval or disapproval of the holding therein under the applicable facts. The question as presented in this case may be disposed of without our doing so. We call attention to the fact that it was decided March 12, 1906.
In line with the other statutes above referred to, making-annual appropriations for the purposes stated, the act of March 4, 1911, making appropriations for sundry civil purposes for the fiscal year 1912 (36 Stat., 413), appropriated $100,000.00. Thereafter, by the act of December 22, 1911 (37 Stat., 48), making appropriations to supply deficiencies for that fiscal year, there was appropriated for these same purposes and in practically the same language the further sum of $200,000.00, .but that appropriation was immediately followed by this provision:
“ No claim for arrears of pay, bounty, or.other allowances growing out of the service of Volunteers who served in the Army of the United States during the Civil War shall be received or considered by the accounting officers of the Treasury unless filed in the office of the Auditor for the War De *289 partment on or before December thirty-first, nineteen hundred and twelve: Provided,” etc., the proviso not being material.
Whatever may have been the effect of the repetition of appropriations such as this for each succeeding fiscal year had the appropriations stood alone and without limitation the clear purpose of Congress in the attaching of the above provision to the appropriation made in the deficiency act referred to for the fiscal year 1912, was undoubtedly to put a limitation upon the time within which all such cl aims must be filed and that appropriations made subsequent thereto were designed for no other purpose than to provide the funds with which to pay such claims as were filed within the .time limit and certified by the accounting officers. To hold otherwise is but to nullify a specific provision of the statute which erected a bar against such claims of such a nature that it could only be raised by a further act of Congress, and a careful examination of statutes fails to reveal that the provision quoted has ever been repealed or that the time limit therein put upon the filing of such claims has ever been extended, and we are referred to no statute to that effect.
The question of the effect of such limitation upon the time within which claims must be presented was considered by this court in Griffis v. United States, 52 C. Cls. 1, and again in the same case at page 170, and in United States v. Bab-cock, 250 U. S. 328 at 332, the Supreme Court, citing the Griffis case in this court, held that even if statutes under discussion were applicable to the facts presented there could be no recovery because, under limiting acts cited, “ the right to present claims under section 3482 of the Revised Statutes as amended expired in 1891.”
It would be wholly unreasonable to hold that subsequent appropriation acts for which there was an apparent purpose related to claims duly filed and allowed served to remove the time limit specifically imposed by Congress.
It follows that, in the language of section 165 of the Code, “the facts set forth in the petition of the claimant do not furnish any ground for relief,” and therefor the motion for a call must be and is denied.
*290 Upon the facts stated the court further concludes that the petition herein ought to be dismissed, and of its own motion it is so ordered.
Graham, Judge; Hat, Judge; Booth, Judge, and Campbell, Chief Justice, concur.