MaddeN, Judge,
delivered the opinion of the court:
Plaintiff completed twenty years of active service in the Navy during an enlistment which expired on September 6, 1938. By reason of his twenty years’ service, he became eligible for transfer to the Fleet Reserve at one half of base pay.[1] He did not, however, apply for such a transfer, at or before the termination of his enlistment, but extended his enlistment for three years. By doing so he became entitled to, and received, a cash travel allowance of five cents a mile from Long Beach, California, to Norfolk, Virginia, the place of his last enlistment. Within a month after extending his enlistment he applied for and on Novem *346 ber 2, 1938, received a transfer to the Fleet Eeserve. He then claimed a travel allowance from Mare Island, California, where his ship was stationed when he was transferred to the Fleet Eeserve, to Norfolk, Virginia, where, as we have seen, he last enlisted. The Navy refused him this allowance. He presented a claim to the Comptroller General, who also denied him the allowance, 19 Comp. Gen. 225, Id. 451. This suit followed.
Plaintiff bases his claim upon the Act of February 28, 1919, 40 Stat. 1203, as amended by the Act of September 22,1922, 42 Stat. 1021, which provides as follows :
Hereafter an enlisted man discharged from the Army, Navy, or Marine Corps, except by way of punishment for an offense, shall receive 5, cents per mile for the distance from the place of his discharge to the place of his acceptance for enlistment, enrollment, or muster into the service: * * *
He says that a transfer to the Fleet Eeserve, when accompanied by the release of the sailor from active duty, is a discharge, within the meaning of this statute, and that the Navy Department, the Comptroller of the Treasury, and the Comptroller General have for a long time so interpreted the statute. The Government concedes this contention, in part, but urges that the Department and the accounting officials have granted the travel allowance, upon transfers to the Fleet Eeserve, not in all cases, but only under certain conditions which were not complied with in plaintiff’s case. It says that the word “discharged,” as used in the statute, has been administered for many decades as not including even a complete separation from the service if that separation was made for the convenience of the man “discharged.” This interpretation is embodied in Article 2503-11 (i) of the United States Navy Travel Instructions, and has been approved by the accounting offices of the Government. 3 Comp. Dec. 397, 398; 2 Comp. Gen. 612, 615. In the case of United States v. Sweet, 189 U. S. 471 (see also, United States v. Barnett, 189 U. S. 474), it was held that the administrative interpretation had given to the word “discharged” in .the statute the restricted meaning contended for by the Government, and that where an officer had *347 obtained his discharge from the Army by resignation, he was not entitled to the statutory travel allowance. In the Sweet and Barnett eases the qualified nature of the right to travel pay seems to have been recognized by placing the burden upon the plaintiff, when the Department had refused to pay him travel pay, of showing that his “discharge,” occurring before the normal termination of his service, was not for his own convenience. This court, in Price v. United States, 4 C. Cls. 164, expressed the view that the Department’s practice of not allowing travel pay when the discharge was pursuant to a resignation, was a proper application of a similar statute.
It is urged that plaintiff’s case differs from those discussed above, in that they involved resignations which the Department was free to accept or reject and which, therefore, it could accept upon the terms laid down in its regulations or practice, while plaintiff had an unqualified right, under the statute, to transfer to the Fleet Deserve, he having completed the necessary twenty years of service. We think, however, that this difference is not conclusive. The real question is whether the word “discharged;” in the statute, applies to plaintiff’s situation. It certainly does not so unequivocally apply as to leave no room for another interpretation. Perhaps the primary meaning of the word discharge is action beginning with a superior and operating upon an inferior. See United States v. Sweet, supra. That meaning would imply, to some degree, that it was an act in invito. Since transfer to the Fleet Deserve is at the sailor’s will and choice, his separation from the active service is not a “discharge” within that meaning of the word. But, since the Government holds out to the men this privilege of transfer, after twenty years’ service, and regards the Fleet Deserve as a useful adjunct of the Navy, a normal transfer to it is, though at the option of the sailor, not merely for the convenience of the sailor but for the good of the Navy. It was therefore reasonable for the Department to interpret the statute as applying, in the ordinary case, to this sort of separation from active service.
But was it not also reasonable for the Department, in giving meaning to an equivocal word in the statute, to say *348 that it does not apply to a transfer so timed, with regard to an extension of his enlistment, by the sailor who has the option, that it serves the purpose of giving him two travel allowances within a period of one month, since the purpose of the transfer, so timed, or at least the purpose of the timing, is the enrichment of the sailor? We think so.
. The plaintiff gives no reason for his having transferred to the Fleet Reserve, so soon after his extension of his enlistment, which would contradict the natural supposition of the Department that his purpose was to get the two travel allowances. The task of giving meaning to ambiguous words in a statute falls first upon the executive department which must put the statute into practice. If the meaning given by the Department is a fair application of the probable intent of Congress, courts should not upset that meaning in subsequent litigation.
Plaintiff’s petition will be dismissed.
It is so ordered.
Littleton, Judge; and Whalex, Chief Justice, concur.
Whitaker, Judge, dissents.
Jones, Judge, took no part in the decision of this case.

 Act of June 25. 1938, Ch. 690, Title II, § 203, 52 Stat. 1178, 34 U. S. C. § 854b. ,