COPPER QUEEN CONSOLIDATED MINING COMPANY *v.* TERRITORIAL BOARD OF EQUALIZATION OF THE TERRITORY OF ARIZONA.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 280. Argued April 26, 1907.—Decided May 27, 1907.

While this court cannot refuse to exercise its own judgment, it naturally will lean toward the interpretation of a local statute adopted by the local court. The reënactment of a statute in the same words carries with it the presumption that the legislature is satisfied with the construction which it has notoriously received from those whose duty it has been to carry it out;

and this presumption is as strong as one that the enactors of the original statute which was adopted verbatim from one of another State knew a single decision of the courts of that State giving a different construction to the statute.

The construction by the Supreme Court of Arizona of § 2282, Rev. Stat., of that State sustained by this court as to the power of the Territorial Board of Equalization to increase the total valuation of the property in the Territory above the sum of the returns from the Board of Supervisors of the several counties, and to change the valuations of particular classes of property within the several counties.

THE facts are stated in the opinion.

*Mr. William Herring,* with whom *Mrs. Sarah Herring Sorin* and *Mr. Everett E. Ellinwood* were on the brief, for appellant:

The Territorial Board of Equalization may, for the purpose of adjusting and equalizing, increase the aggregate value of one county and decrease that of another, but it has no power to increase the aggregate valuation of property in the Territory above the valuations returned by the Boards of Supervisors of the several counties. It is wholly a creature of statute and is of special and limited jurisdiction. It is essential to the validity of its acts that they should be authorized by some express provision of the statute, otherwise they are absolutely null and void. *Central Pacific R. R. Co.* v. *Evans,* 111 Fed. Rep. 79; 1 Cooley on Taxation, 3d ed., 772. See Rev. Stats. Arizona, 1901, pars. 3877, 3880, 3879 as amended by Act No. 23 Laws 1903, the same being reënacted *verbatim* from pars. 2655, 2657, and 2658, Rev. Stats. Arizona, 1887. See construction of Colorado statutes prior to the adoption of these statutes by Arizona. *People ex rel. Crawford* v. *Lathrop,* 3 Colorado, 428; *People* v. *Amos,* 26 Colorado, 83; *S. C.,* 27 Colorado, 126.

A judicial interpretation given the statute in the State of its origin, prior to the adoption thereof, becomes a part of the statute itself, with the same force and to the same extent as though the decision was written into the law. *Henrietta M. & N. Co.* v. *Gardner,* 173 U. S. 123; *Goldman* v. *Sotelo,* 7 Arizona, 23.

. On the adoption of a statute where the law antecedently to the adoption was settled by judicial interpretation thereof, the mere change of phraseology will not be construed a change of the law unless such phraseology evidently purports an intention in the legislature to work a change. *McDonald* v. *Hovey*, 110 U. S. 619; *Metropolitan Railway Co.* v. *Moore*, 121 U. S. 558; *Willis* v. *Eastern Trust & Banking Co.*, 169 U. S. 295.

The Territorial Board of Equalization in equalizing and adjusting property valuations between the several counties has no power to increase or diminish the valuations of certain kinds, classes, sub-classes or grades of property within any county. It must deal with the respective valuations as returned by the counties as entireties by making such changes in each county valuation as a whole as will relatively equalize the entire property values in the different counties. *State ex rel. Wallace* v. *State Board*, 18 Montana, 473; *State ex rel. State Board* v. *Fortune*, 24 Montana, 154; *Poe* v. *Howell*, 67 Pac. Rep. 62 (New Mexico) *nisi prius; M., K. & T. Ry. Co.* v. *Miami County Commissioners*, 67 Kansas, 434; *Chamberlain* v. *Cleveland*, 31 Ohio St. 51; *County of San Mateo* v. *Southern Pacific R. R. Co.*, 13 Fed. Rep. 722; *County of Santa Clara* v. *Southern Pacific R. R. Co.*, 18 Fed. Rep. 325.

*Mr. Elias S. Clark* and *Mr. William C. Prentiss*, with whom *Mr. Horace F. Clark* was on the brief, for appellee:

It is clear, and admitted by the appellant, that the Board of Equalization had the power to increase the aggregate valuation of taxable property in Cochise County, and in so doing had the power to increase the valuation of the petitioner's property in that county along with all of the other taxable property therein. So that, inasmuch as it is not contended that the valuation of the petitioner's property was raised beyond or even to its actual cash value, which is the statutory measure of valuation for taxation, it would seem that there has not been any injury done to the petitioner; but its whole contention

is that, so far as the merits of the matter go, other classes of property have not been equally increased, on the one hand, and on the other, that the aggregate valuation of property in some other county or counties has not been reduced in such measure as not to disturb the aggregate valuations of property in all the counties.

It would seem, therefore, that the petitioner has no substantial claim of injury and that the action of the appellees ought not to be reviewed at its instance in certiorari proceedings.

In Arizona clear and adequate remedies in cases of alleged illegal or erroneous tax assessments are provided by statute and, therefore, certiorari will not lie.

Act 92 session laws of the Legislative Assembly of Arizona of 1903, amending Chapter VII, Rev. Stat. 1901.

The Supreme Court of the United States will not disturb a decision of the Supreme Court of a Territory construing a local statute unless manifest error appear. *Sweeney* v. *Lomme,* 22 Wall. 208; *Northern Pac. Ry. Co.* v. *Hambly,* 154 U. S. 349; *Fox* v. *Haarstick,* 156 U. S. 674; *Whitney* v. *Fox,* 166 U. S. 637.

Tax laws are remedial and to be liberally construed to effect their purpose of just distribution of the burdens of taxation.

Revenue laws are not to be regarded as penal in the sense that requires them to be strictly construed, though they impose penalties and forfeitures. They have even been declared remedial in character. Sutherland Stat. Construction, par. 535; *Wood* v. *United States,* 16 Pet. 342; *Taylor* v. *United States,* 3 How. 197; *Cliquot's Champagne,* 3 Wall. 114; *In re Twenty-eight cases,* 2 Ben. 63; *United States* v. *Willets,* 5 Ben. 220; *United States* v. *Hodson,* 10 Wall. 395, and many others.

Under the power conferred on the board to equalize, and, with the cash value as a standard, it may, as incidental to that power, raise the sum of all the valuations as returned by the various assessors and local boards of equalization. The following authorities sustain this proposition: *State ex rel. Thompson* v. *Nichols,* 69 Pac. Rep. 775; *State ex rel. Cunningham* v. *Thomas,* 50 Pac. Rep. 615; *Wallace et al.* v. *Bullen et*

*al.*, 52 Pac. Rep. 854; *Kittle* v. *Shervin*, 11 Nebraska, 66; *Renfrew et al.* v. *Webb et al.*, 54 Pac. Rep. 449; *Burdrick et. al.* v. *Dillon et al.*, 54 Pac. Rep. 785; *Weber et al.* v. *Dillon,* 54 Pac. Rep. 894; *Hacker* v. *Howe*, 101 N. W. Rep. 256.

MR. JUSTICE HOLMES delivered the opinion of the court.

. THIS is an appeal from a judgment on demurrer to a petition for a writ of certiorari. The object of the petition was to vacate proceedings of the Board of Equalization in 1905, by which the Board added very largely to the assessed valuation of . patented mines and, in a less degree, of work horses and saddle horses, in Cochise County and other counties in Arizona. It was alleged that by these proceedings the Board increased the total valuation of property in the Territory and increased the valuation of the petitioner's property of the above-men-. tioned kinds. The writ had been issued by a single justice returnable before the full bench, but the case was heard on the demurrer by consent, and by the judgment the demurrer was sustained and the writ was quashed.

. The errors alleged are two: first, that while the Board for purposes of equalizing might add to the total value of the property in one county and diminish that of property in another, it had no power to increase the total valuation of property in the Territory above the sum of the returns from the Boards of Supervisors of the several counties; and second, that the Board was bound to deal with the valuation of each county as a whole, and could not increase or diminish the valuations of particular classes of property within a county. The power of the Board depends, of course, upon statute, and it is said that the statute of Arizona was taken almost *verbatim* from one of Colorado, which had been construed by the Supreme Court of that State in accordance with the first of the petitioner's above contentions before it was adopted by Arizona. *People* v. *Lothrop,* 3 Colorado, 428. The construction, it is said, goes with the act. *Henrietta Mining & Milling Co.* v.

*Gardner,* 173 U. S. 123, 130. The second contention is based on an interpretation of the statutes, the supposed absence of an express grant of power, and later decisions in Colorado and other States.

On the other hand, while this court cannot refuse to exercise its own judgment, it naturally will lean toward the interpretation of a local statute adopted by the local court. *Sweeney* v. *Lomme,* 22 Wall. 208; *Northern Pacific R. R. Co.* v. *Hambly,* 154 U. S. 349, 361; *Fox* v. *Haarstick,* 156 U. S. 674, 679. And again, when for a considerable time a statute notoriously has received a construction in practice from those whose duty it is to carry it out, and afterwards is reënacted in the same words, it may be presumed that the construction is satisfactory to the legislature, unless plainly erroneous, since otherwise naturally the words would have been changed. *New York, New Haven & Hartford R. R. Co.* v. *Interstate Commerce Commission,* 200 U. S. 361, 401, 402. The statute of Arizona was reënacted in 1901 and was said by the Supreme Court to have been construed by the Board against the petitioner's contention ever since the Board was created, eighteen years before. Even apart from the reënactment a certain weight attaches to this fact. *United States* v. *Finnell,* 185 U. S. 236, 243, 244. *United States* v. *Sweet,* 189 U. S. 471. The presumption that the codifiers of 1901 knew and approved the practice of the Board certainly is as strong as the presumption that the original enactors of the statute knew a single decision in another State; and it is more important since it refers to a later time.

As an original question the construction adopted by the Supreme Court appears to us at least as reasonable as the opposite one contended for, and the variations in the Arizona act from the prototype, if Colorado furnished the prototype, and the different background against which it was to be construed, seem to us to have warranted the refusal to be bound by the Colorado case.

We give a section of the General Laws of Colorado, 1877, and of the Revised Statutes of Arizona side by side.

2282. Sec. 43. Said Board shall ascertain whether the valuation of real estate in each county bears a fair relation or proportion to the valuation in all other counties of the State, and on such examination they may increase or diminish the aggregate valuation of real estate in any county, as much as in their judgment may be necessary to produce a just relation between all the valuations of real estate in the State; but in no instance shall they reduce the aggregate valuation of all the counties below the aggregate valuation as returned by the clerks of the several counties.

3880. (Sec. 50.) The said board shall ascertain whether the valuation of property in each county bears a fair relation or proportion to the valuation in all other counties in the territory, and on such examination they may increase or diminish the valuation of property in any county, as much as in their judgment may be necessary to produce a just relation between all the valuations of property in the territory; but in no instance shall they reduce the aggregate valuation of all the counties below the aggregate valuation as returned by the boards of supervisors of the several counties. And said board shall at the same time fix the rate of taxes for territorial purposes which is to be levied and collected in each county.

For convenience we take up the second of the alleged errors first. It will be seen that the word "property" takes the place of "real estate" at the beginning, and that the power given, instead being only a power to increase or diminish the aggregate valuation of real estate in any county, is to increase or diminish the valuation of property (not the property) in (not of) any county. The word "aggregate" is left out, and the fact that it was left out favors the construction that apart from that fact would be reasonable, that the power extends to the valuation of any property, and is not confined to the valuation of all the property as one whole. This construction

is further favored by the purpose of the changes in valuation, which is to "produce a just relation between all the valuations of property in the Territory." This phrase is interstitial in its working. It does not confine the equality to the valuations by county, but extends it to all the valuations of property. Yet a further argument may be drawn from the language of § 3874: "No assessor, board of supervisors, or the territorial board of equalization shall assess any real estate at a less valuation than seventy-five cents per acre." This recognizes the power of the Board to deal with a special class of property, and we may add, by way of anticipation, by also recognizing a function of assessment, does much to make inapplicable the reasoning of the Colorado decision upon the other point.

It seems to have been argued below that at least the Board was confined to dealing with property by the classes mentioned in other sections of the statutes, especially §§ 3849, 3861, 3877. But the classifications and specifications provided for in those sections do not affect the power expressly given by § 3880 as we have construed the latter, and further, by § 3877 the Territorial Board is given power in very broad terms to change the list. It is not necessary to rely on this power to change the list for the power of the Board to change valuations of a particular class of property. It is mentioned simply to show that the powers given by § 3880 are not diminished by other provisions.

The first contention of the petitioner needs but a few words in addition to what we have said. The power to increase the valuation of property in any county is as power to increase it in all, or, at least, to increase the valuation of some kinds of property in all, so as to produce a just relation between them and the other valuations left undisturbed. We find nothing in the statute that requires the increase to be so adjusted that the total valuation shall be unchanged. On the contrary, the prohibition against reducing it implies that the Board has the power of change and, but for the prohibition, might reduce

the total. Therefore it may add to the total since the law does not forbid that. The Colorado decision to the contrary turned partly on the notion, which has been shown to be inapplicable to Arizona, that the Board of Equalization had no function of assessment. It also turned in part at least on the constitution of the State, to which, of course, the statute was subject. There was no Constitution to be conformed to in Arizona and therefore the construction of the statute depends on the meaning of the words alone, and the Supreme Court of the Territory in construing them was left at large.

*Judgment affirmed.*