In re FARRELL et al.

(District Court, W. D. Washington, N. D.   January 23, 1914.)

No. 5134.

1. TAXATION (§ 1*)—"TAX."

A "tax" is a pecuniary burden imposed for the support of the government. It is the enforced proportionate contribution of persons and property levied for the government's support and for all public things.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 8, pp. 6867–6886, 7813.]

2. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION—STATE STATUTES.

Federal courts will accept the construction which the state court has placed on state statutes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*]

3. BANKRUPTCY (§ 346*)—CLAIMS—WORKMEN'S COMPENSATION ACT—CONTRIBUTIONS—"TAX."

The liability of an employer of labor to contribute assessments under the Workmen's Compensation Act (Laws Wash. 1911, p. 345) is not a "tax" within Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that the bankruptcy court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, since such assessments are not made a lien on any property, but are merely recoverable by the state against the defaulting employer by an action at law at the discretion of the commission and the Attorney General.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. § 346.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. M. Farrell and others. On objection of trustee to allowance of claim of State Industrial Insurance Department as one entitled to priority. Objections sustained.

W. V. Tanner, Atty. Gen., and John M. Wilson, Asst. Atty. Gen., for claimant.

Alderson & Murphine, of Seattle, Wash., for trustee.

NETERER, District Judge. · The Industrial Insurance Department of the state of Washington filed with the referee in bankruptcy its verified claim in the amount of $365.78, which represents assessments made by the Industrial Insurance Department against the said bankrupts based upon their pay roll of workmen in extrahazardous employment in and about their business in the operation of a sawmill. This claim was filed by virtue of chapter 74 of the Laws of Washington 1911, p. 346. The state claims priority of payment of said amount under section 64a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). The trustee "objects to the claim of the state of Washington for premium due the State Industrial Insurance Commission as a claim having a priority, for the reason that said claim does not constitute a claim having a priority within the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meaning of the bankrupt statute." The question to be determined is the status of this claim.

Section 64a of the Bankruptcy Act provides:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors."

The Workmen's Compensation Act, approved by the Governor March 14, 1911 (Laws of 1911, p. 345), requires all employers engaged in extrahazardous employments to pay certain amounts into a fund for the purpose of compensating injured workmen. Section 4 of this act, at page 352, provides:

"The fund thereby created shall be termed the 'accident fund' which shall be devoted exclusively to the purpose specified * * * in this act."

Section 8 of the act, page 362, provides:

"If any employer shall default in any payment to the accident fund, * * * the sum due shall be collected by action at law in the name of the state as plaintiff, and such right of action shall be in addition to any other right of action or remedy."

It is further provided that if injury occurs after demand for payment on default, the employer loses the benefit of the act. Section 21 provides:

"The administration of this act is imposed upon a department, to be known as the Industrial Insurance Department, to consist of three commissioners to be appointed by the Governor."

No method of collecting the assessments provided by the act is provided other than as set forth in section 8.

Article 7 of the Constitution of Washington, § 1, provides:

"All property in the state, not exempt under the laws of the United States, or this Constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. The Legislature shall provide by law for an annual tax sufficient, with other sources of revenue, to defray the estimated ordinary expenses of the state for each fiscal year. And for the purpose of paying the state debt, if there be any, the Legislature shall provide for levying a tax annually, sufficient to pay the annual interest and principal of such debt within 20 years from the final passage of the law creating the debt."

[1] A "tax" is defined as a pecuniary burden imposed for the support of the government. United States v. Railroad, 17 Wall. 322, 326, 21 L. Ed. 597. It is the enforced proportionate contribution of persons and property levied for the support of government and for all public things. Opinion of Justices, 58 Me. 591; Cooley on Taxation, 1; Pacific Insurance Co. v. Soule, 7 Wall. 433, 19 L. Ed. 95; Springer v. United States, 102 U. S. 586, 26 L. Ed. 253.

"A 'tax' is a pecuniary burden laid upon individuals and property for the purpose of supporting the government." New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284.

The assessment in issue is not to relieve the general taxpayer, but rather to relieve the employer from liability for injuries sustained by employés in extrahazardous employments and to compensate such employés. It is an assessment against a class for the benefit of a class.

The Supreme Court of Washington, in State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, at page 203, 117 Pac. 1101, at page 1116 (37 L. R. A. [N. S.] 466), in passing upon the constitutionality of the Industrial Insurance Act, and considering it with relation to article 7 of the state Constitution, says:

"It is manifest that it is not a tax in the sense the word is used in the sections of the Constitution to which reference is here made. No accession to the public revenue, general or local, is authorized or aimed at. The purpose of the exaction is entirely different. It is to be used, not to meet the current expenses of the government, but to recompense employés of the industries on whom the burden is imposed for injuries received by them while engaged in the pursuit of their employments. It is the consideration which the owners of the industries pay for the privilege of carrying them on."

[2] Federal courts are always disposed to accept the construction which the state court has placed upon a state statute. Phœnix Railway Co. v. Landis, 231 U. S. 578, 34 Sup. Ct. 179, 58 L. Ed. ——; Sweeney v. Lommey, 22 Wall. 208, 213, 22 L. Ed. 727; Fox v. Haarstick, 158 U. S. 674, 679, 15 Sup. Ct. 457, 39 L. Ed. 576; Northern Pacific R. R. Co. v. Hambly, 154 U. S. 474, 479, 14 Sup. Ct. 983, 38 L. Ed. 1009; Copper Queen Mining Co. v. Arizona Board, 206 U. S. 474, 479, 27 Sup. Ct. 695, 51 L. Ed. 1143; Sante Fé County v. Coler, 215 U. S. 296, 305, 30 Sup. Ct. 111, 54 L. Ed. 202; Albright v. Sandoval, 216 U. S. 331, 339, 30 Sup. Ct. 318, 54 L. Ed. 502; Clason v. Matkov, 223 U. S. 646, 653, 32 Sup. Ct. 392, 56 L. Ed. 588; Seattle Benton & So. Ry. Co. v. State of Washington, 231 U. S. 568, 34 Sup. Ct. 185, 58 L. Ed. ——.

[3] It is manifest from a reading of section 64 of the Bankruptcy Act which was passed prior to the passage of the Industrial Insurance Act of Washington, that Congress intended to include within said section only such taxes as were required to be paid into a common fund for the support of the government, national, state, or municipal, and such a fund which would relieve the general taxpayer from a payment of an unfair proportion of the expenses in the operation of the government, or a tax which would be by operation of law a lien upon property of the bankrupt estate.

New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, is cited by claimant in support of its contention. This was a tax levied upon the capital stock of a corporation organized in New Jersey, and which was doing business in Illinois. The Supreme Court in that decision said:

"Generally speaking, a tax is a pecuniary burden laid upon an individual or property for the purpose of supporting the government. We think this exaction is of that character. It is required to be paid by the corporation after organization in invitum."

The general assessment provisions of the Industrial Insurance Act does not assess a tax which is paid into a fund for the support of the government, but creates an "accident fund" for a special purpose, and that purpose is to relieve employers engaged in extrahazardous work from liability for negligence in the operation of their plants whereby injuries result to workmen, and to compensate such injured workmen. This assessment is not made a lien upon any property. The

act merely by the assessment gives the state a right of action against the defaulting concern which it may enforce by action at law at the discretion of the commission and the Attorney General. State ex rel. Rosbach v. Pratt, 68 Wash. 157, 122 Pac. 987.

The following cases cited in support of the state's contention are readily distinguished from the instant case, in that the taxes involved in them were levied upon property or franchises or capital stock in industrial concerns, which was required to be paid into a general fund, and were used to defray the general expenses of the government, and resulted in the benefit of all of the taxpayers of the several states: New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284; Otto F. Lange (D. C.) 159 Fed. 586; In re Industrial Cold Storage Co. (D. C.) 163 Fed. 390; City of Chattanooga v. Hill, 139 Fed. 600, 71 C. C. A. 584, 3 Ann. Cas. 237, 238; Hecox v. Teller County, 198 Fed. 636, 117 C. C. A. 338; In re Conhaim (D. C.) 100 Fed. 268; In re Halsey Elec. Generator Co. (D. C.) 175 Fed. 825, 23 Am. Bankr. Rep. 401.

I think the order of the referee was erroneous. An order may be presented allowing the claim of the state as a general claim, and denying priority of payment.