**UNITED STATES v. RODEN COAL CO.**

No. 5771.

Circuit Court of Appeals, Fifth Circuit.

April 4, 1930.

Robert L. Williams, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., C. B. Kennamer, U. S. Atty., of Birmingham, Ala., and J. Osmond Middleton, Asst. U. S. Atty., of Clanton, Ala. (C. M. Charest, Gen. Counsel, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

William S. Pritchard, of Birmingham, Ala. (John D. Higgins, of Birmingham, Ala., on the brief), for appellee.

William S. Pritchard, of Birmingham, Ala., and Sidney P. Simpson, of New York City (Hines, Rearick, Dorr, Travis & Marshall, Walker D. Hines, A. C. Rearick, and William B. Hubbell, all of New York City, on the brief), amici curiæ, for National Coal Ass'n.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee is the owner and operator of a coal mine in Alabama, and filed its income and profit tax returns for the calendar year 1918, showing a tax liability for such year of $5,819.83. In making the return, appellee deducted ten items amounting to $17,-767.24 from gross income as current expenses of the year. Based on an audit of appellee's books, the Commissioner of Internal Revenue rejected the items as chargeable to expense, held they were capital additions, and made a further assessment of $6,154.65 for the year 1918. This was paid under protest, and suit was brought to recover. The record before us contains findings of fact made by the District Court with conclusions of law thereon. The correctness of the findings of fact is not disputed, but it is contended that the court was wrong as a matter of law in attributing the expenditures to expense instead of holding them to be capital items.

It is unnecessary to discuss all of the items. One or two will be sufficient to show the general nature of the expenditures. One item is $3,110, which represented new wheels purchased for small one-ton mine cars, for repairs and replacements. Another item is $3,134.78, expended to change water pipe from four-inch to six-inch pipe, used in pumping water from the bottom of the mine to the surface, for the purpose of keeping the No. 3 mine dry. This mine had reached its maximum production while the four-inch pipe was in use, but the volume of water to be removed increased, making necessary the

larger pipe. Another item of $2,400 was for rails and fasteners. This was the cost of light-weight, second-hand rails, purchased to be used under ground in slopes and headings. The other items sought to be capitalized by the Commissioner are more clearly items of expense than the three above referred to.

The District Court found that each of the items in question was purchased by the taxpayer during the year 1918, and was actually used by it in producing its taxable income; that none of the items decreased the cost of producing or mining the coal or added to the value of the coal mine as a whole, and none of the expenditures was made for either of those purposes; that the items, except the car wheels, were necessary in order to maintain the normal production of the mines, due to the constantly increasing depth of workings, caused by the constantly advancing depth of the working faces of the coal; that all the items in question were purchased after the mines had reached their maximum development; that the actual life of each of the items was more than one year.

The Revenue Act of 1918 (40 Stat. 1077) provides in part as follows:

"Sec. 234(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

"(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted."

Article 222 of the Treasury Regulations adopted under the Revenue Act of 1918 provides as follows:

"Art. 222. *Charges to Capital and to Expense in the Case of Mine.*—In the case of mining operations all expenditures for plant, equipment, development, rent and royalty prior to production, and thereafter all major items of plant and equipment, shall be charged to capital account for purposes of depletion and depreciation. After a mine has been developed and equipped to its normal and regular output capacity, however, the cost of additional minor items of equipment and plant, including mules, motors, mine cars, trackage, cables, trolley wire, fans, small tools, etc., necessary to maintain the normal output because of increased length of haul or depth of working consequent on the extraction of mineral, and the cost of replacements of these and similar minor items of worn-out and discarded plant and equipment, may be charged to current expense of operations."

It would appear that the items involved were properly chargeable to expense under the provisions of the regulation above quoted. However, appellant seeks to avoid the force of the regulations by saying that the Treasury Department could not adopt regulations inconsistent with the law, and, in the case of mines, subsection (9) prevents items of equipment not expended in the taxable year from being charged to expense.

Appellee contends that the regulations adopted under the 1918 Revenue Act have the force of law, as Congress, by adopting subsequent revenue acts with substantially the same provisions, has adopted the construction put upon the act by the Treasury Department, citing Copper Queen Co. v. Arizona Board, 206 U. S. 474, 27 S. Ct. 695, 51 L. Ed. 1143, and numerous other cases to the same effect.

It is immaterial that the items involved have an actual life of more than one year. If chargeable to expense, they may not again be deducted nor may depreciation be claimed. The taxing laws are to be liberally construed in favor of the taxpayer. Subsection 9 applies to depletion of natural resources and depreciation of improvements in the plant. It should not be construed to deprive a mine owner of other benefits under the act. In view of the conclusions of the District Court that the mine had been completely developed before the purchase of the various items, that they were necessary to maintain the regular and normal output, that none of them increased the output or decreased the cost of production or increased the capital value of the property, they could hardly be considered improvements. The regulation appears to be reasonable and valid, and, giving it effect, the items were properly deducted as necessary and normal expense to be charged to operations. In the case of a coal mine, there is always the danger that the coal will be depleted to an extent that will make the operation of the mine not profitable. In that event, there would be no future years in which to charge off a proper depreciation of items of equipment the expenditures for which did not increase the value of the mine as a whole. In fairness to the taxpayer, he should be allowed to charge them to expenses, as is permitted by the above regulation. We

concur in the conclusions reached by the District Court.

Affirmed.