## COMMISSIONER OF INTERNAL REVENUE v. PONTARELLI.
### No. 6491.

Circuit Court of Appeals, Seventh Circuit.
June 17, 1938.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Edward M. English, Sp. Assts. to Atty. Gen., for petitioner.

George K. Bowden, and Casper Wm. Ooms, both of Chicago, Ill., and Edward J. Lawler, Jr., and James R. Murphy, both of Washington, D. C., for respondent.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals finding interest on special assessment bonds, owned by respondent exempt from income taxes.

The facts as stipulated are briefly as follows: The City of Chicago, Illinois, is a municipal corporation, and as such, a political subdivision of the State of Illinois. It was and is vested by the law of the State, with power and authority to make local improvements and to defray the cost thereof by special assessment upon contiguous property or by general taxes or otherwise as by ordinance it should prescribe. The City is authorized, for the purpose of anticipating the collection of the second and succeeding installments of any special assessment imposed, to issue its bonds, payable out of the proceeds of such installments, bearing interest at a rate of not more than six per centum and not less than four per centum, payable annually.

Prior to March 1, 1932, the City of Chicago had, pursuant to its statutory pow-

er and authority, made certain local improvements in a sewer system. To finance this construction, the City had levied special assessments and had issued bonds in anticipation of its collection of the deferred installments on such assessments.

Respondent was the owner of certain of these special assessment bonds and during the fiscal year 1933 received from the City, interest paid pursuant to the terms of the bonds, in the amount of $6,338.74.

It is this interest, received by respondent from the City of Chicago, which petitioner seeks to tax as income, and which the Board of Tax Appeals has ruled is exempt as interest upon the obligations of a political subdivision of the State of Illinois. The form of the bonds owned by respondent is found in the footnote.[1]

The involved question is whether such bonds are "obligations of a state * * * or any political subdivision thereof." If so, the interest from such bonds is tax free. Otherwise, it is subject to tax. A decision of the controverted question involves a construction of Section 22(b) (4) of the Revenue Act of 1932, which provides:

"(b)  *Exclusions from Gross Income.* The following items shall not be included in gross income and shall be exempt from taxation under this title: * * *

"(4)  *Tax-free Interest.* Interest upon (a) the obligations of a State, Territory, or any political subdivision thereof * * *"  (Title 26, U.S.Code § 22(b) (4), 26 U.S.C.A. § 22(b) (4).)

In the administration of this section, the Treasury Department promulgated Article 84 of Regulation 77.[2]

---

[1] "City of Chicago

"Improvement Bond.

"The City of Chicago in Cook County, Illinois, for value received promises to pay to bearer on the Thirty-first day of December, A. D. 1935, the sum of $1,000 One Thousand Dollars with interest thereon from date hereof at the rate of Five per centum, per annum, payable annually on presentation of the coupons hereto annexed.

"Both principal and interest on this bond are payable at the office of the Treasurer of said City of Chicago.

"This bond is issued to anticipate the collection of a part of the Fifth (5) installment of Special Assessment No. 54287 levied for the purpose of Bryn Mawr Ave. Sewer System which said installment bears interest from the 22nd day of April, A. D. 1930 and this bond and the interest thereon are payable solely out of said installments when collected.

"Dated this 2nd day of July, A. D. 1930.

. "Wm. Hale Thompson,
Mayor.
(Signature Illegible)
"Vice President of the Board of Local Improvements.
"Countersigned:
"George K. Schmidt,
"City Comptroller.
"Attest:
"Patrick Sheridan Smith,
"City Clerk.
G. Cunningham,
J. K. Flynn.
"Correct:
"E. M. Hogan,
"Bond Registrar.
"Bond Voucher No. 1021.

"Each interest coupon attached to each bond was in the following form:

"Coupon No. 5          $50.00
"The City of Chicago, Illinois.

"Promises to pay bearer at the office of the City Treasurer in said City on the Thirty-First Day of December 1935 the sum appearing in the right hand marginal column hereof, being the annual interest on Improvement Bond No. G29673, Series No. 4, Dated July 2—1930, issued by anticipation of the collection of the 5th deferred installment of Special Assessment No. 54287 named in said bond said sum to be paid solely out of the fund levied for such purposes when collected.

"George K. Schmidt,
"City Comptroller."

[2] "Interest upon State Obligations.—Interest upon the obligations of a State, Territory or any political subdivision thereof, or the District of Columbia is exempt from the income tax. Obligations issued by or on behalf of the State or Territory or a duly organized political subdivision acting by constituted authorities empowered to issue such obligations, are the obligations of a State or Territory or a political subdivision thereof. The term 'political subdivision' denotes any division of the State or Territory made by the proper authorities thereof acting within their constitutional powers. Political subdivisions of a State or Territory, within the meaning of the exemption, includes special assessment districts so created, such as road, water, sewer, gas, light, reclamation, drainage, irrigation, levee, school, harbor, port improvements, and similar districts and divisions of a State or Territory."

This section of the Revenue Act has been repeated in identical terms in every Revenue Act since that of 1918 and its authorized interpretation by the Treasury Department has been in the same language with reference to the Revenue Act of 1918 and all succeeding acts including that of 1932.

It is not disputed that the special assessment bonds in question were issued by the City of Chicago; that the City acted in conformity with its constituted authority; that the City was empowered to issue them and that they were issued to finance a proper governmental expenditure.

Petitioner seeks to tax the interest received by respondent upon these bonds on the ground that the City "is not obligated under the terms of such instruments * * * except in a capacity of trustee for the collection and proper distribution of the proceeds of assessments made applicable to their satisfaction." In other words, it is petitioner's contention that the bonds are not "obligations" of the character which Congress contemplated in the statute in question.

■ It is apparent that the only rights conferred by the bonds, and the only corresponding obligations imposed by them, are rights of the holder to proceed against the City, and obligations of the City to maintain the fund out of which the City undertakes to satisfy the obligations. The bonds, by their own terms, limit the obligation of the City to the special funds prescribed in the bonds and by statute for their payment. They are thus distinguished from municipal bonds payable from general funds, which are conceded to be within the statutory exemption, only in the fact that one constitutes the debt of the municipality payable from its general fund, while special assessment bonds constitute debts payable from special funds.

■■ Notwithstanding the fact, however, that the bonds in question are to be paid from a special fund, we are unable to accept petitioner's contention that such bonds, for this reason, are not properly classified as an obligation of the City.

In Ira Davenport v. County of Dodge, 105 U.S. 237, 26 L.Ed. 1018, the court in discussing the distinction between bonds payable from general and special taxation, on page 241 said: "The only difference between the two kinds of debt is, that in one all the taxable property of the county is charged with its payment, and in the other only a part. * * * We think, therefore, that the special bonds which the county commissioners are to issue for the precincts are, in legal effect, the special bonds of the county payable out of a special fund to be raised in a special way. * * *"

Dillon on Municipal Corporations, Volume 2, paragraph 827, at page 1833, states: "Although such obligations do not constitute a debt payable from the general funds, yet bonds which are issued in the name of the municipality to be paid only from a special fund created by an enabling act and so limited on the fact of the obligation are the bonds of the municipality. * * * The municipality is the obligor in the bond, must fulfill the obligations imposed upon it and is subject to appropriate action in respect thereof, notwithstanding the fact that it is not under any general liability or so to speak liable in personam for the debt."

In Edwards v. Kearzey, 96 U.S. 595, 24 L.Ed. 793, the court on page 600 defines "obligation" as follows: "'Obligation' is defined to be 'the act of obliging or binding; that which obligates; the binding power of a vow, promise, oath, or contract,' etc. id."

The Board of Tax Appeals in Kansas City Southern Railway Co. v. Commissioner of Internal Revenue, 16 B.T.A. 665, at page 689, said: "Thus it will be seen that the word obligation may include, in the broader sense, a mere duty, or it may mean a contract, either express or implied, and in a stricter sense, it may be confined to bonds or other similar evidences of indebtedness."

Neither the bonds nor the statute under which they were issued give the holder the right to proceed against the property benefited or the owner thereof. It is to the City he must look for the discharge of the obligation. Surely, when the debt was created and the bonds issued as evidence thereof, an obligation was created. Determined by the legal rights of the parties, that could have been the obligation of no one but the City. The City "promises to pay to bearer" and this undertaking is qualified only as to the funds out of which the payment is to be made. The City is charged by law with the duty of employing "all reasonable diligence" to cause taxes and assessments to be levied and collected to pay the bonds. By statute (Illinois Revised Statute, 1937, Ch. 24, § 799) the City is subject to an action in mandamus or in-

junction to enforce its responsibility in con-nection with the levying and collection of assessments to make such payments. The Revenue Act in question evidences the clear intention of Congress that such income shall be exempt. The language of the regulations promulgated by the Treasury Department from time to time is likewise plain and unambiguous. The fact is, there is little, if any, room for construction of such plain and direct words. It is conceded that the Treasury Department has consistently ruled that interest on such special assessment bonds is exempt from Federal income tax. It is a general rule of statutory construction that where a statute has received executive construction by the officers charged with its execution and such construction has been uniformly applied over a long period of time, and Congress has subsequently re-enacted the provision in the same or substantially the same language, Congress, by such re-enactment adopts the construction placed thereon by the Executive. In Buttolph v. Commissioner of Internal Revenue, 7 Cir., 29 F.2d 695, at page 696, this court said:

"Such re-enactment of a statute, after practical construction—not plainly erroneous—and specific operation under it, may presumably be construed to embody such construction as a satisfactory interpretation of the legislative intent. New York, New Haven & Hartford R. Co. v. Interstate Commerce Commission, 200 U.S. 361, 401, 26 S.Ct. 272, 50 L.Ed. 515; Copper Queen Mining Co. v. Territorial Board of Arizona, 206 U.S. 474, 479, 27 S.Ct. 695, 51 L.Ed. 1143."

Certainly, if Congress had considered the Treasury Department's interpretation of the statute in question erroneous, it would have amended the section. Its failure to do so with knowledge of the interpretation placed thereon by the Treasury Department over a long number of years, requires the conclusion that the construction adopted was consistent with the intent of the statute, and we think we might add, with its plain language.

We conclude that the Board of Tax Appeals was correct in its determination that the bonds in question were obligations of the City of Chicago and that the interest received thereon by respondent was not subject to be taxed as income.

The decision of the Board of Tax Appeals is affirmed.