REQUESTED BY: Senator Calvin F. Carsten Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Carsten:
You have submitted to us a proposed amendment to LB 59, and have asked our opinion as to its constitutional validity. The amendment would add a new section to the bill, to provide: `Severed mineral interests shall be valued in the same manner as other real property, except that if there is no known or ascertainable value for the mineral interest an actual value of one dollar per acre shall be used.'
There are several constitutional attacks which could be made on such a provision, and some of them are very troublesome. Perhaps the first we should discuss is the question of usurpation of administrative or quasi-judicial powers by the Legislature. The determination of the proper assessed valuation is, of course, a matter addressed to the designated administrative officials, who exercise a quasijudicial function in performing it. Here, however, with respect to the designated class of property the Legislature would remove that function from the administrative officials, and make the determination itself.
In Crane v. Voorhis, 178 N.E. 169 (N.Y. 1931), in declaring a certain legislatively-prescribed ballot form unconstitutional, the court said:
 What would be unreasonable and unfair to the voter is a question of fact dependent upon the circumstances of each case. It is a judicial question and not a matter for arbitrary legislation. . . . Such an arbitrary selection by the Legislature for the formation of a ballot is to declare beforehand what is or is not fair and reasonable, whereas it may appear in the particular instance to be very unfair and very unreasonable.
We recognize the difficulty of putting a value on severed mineral interests where there is no present production, or immediate prospect of exploration in the vicinity. There can be a wide range of values of such interests, all of which might fall in the category of having `no known or ascertainable value.' At one end of the spectrum would be mineral interests in a tract of land upon which a dry hole had been drilled. At the other end would be such interests in land as to which geological evidence indicated a good prospect for oil. The value of such interest might be highly speculative as to each, and it might be very difficult to ascertain what value should be put on the interest, but it seems arbitrary and capricious for the Legislature to undertake to set the value by statute.
We realize that one dollar per acre is a rather nominal value, but if the Legislature can specify that value, what is to prevent its setting other values for taxable property? If it can set the value at one dollar per acre, why can't it set it at ten dollars, or one hundred dollars? The principle would appear to be the same.
We have found two cases in which the Legislature had set minimum dollar values for taxable property. In CopperQueen Consolidated Mining Co. v. Arizona, 206 U.S. 474
(1907), the statute provided that the taxing authorities should not assess any real estate at less than seventy-five cents per acre. In South Utah Mines and Smelters v. BeaverCounty, 262 U.S. 325 (1923), a statute provided that all metalliferous mines or mining claims should be assessed at an arbitrary value of five dollars per acre plus `a value based on some multiple or submultiple of the net annual proceeds thereof.' However, in neither of those cases was the validity of the provision in question challenged or discussed, or, in fact, involved in the merits of the case. These cases do not, therefore, shed any light on the question we are concerned with.
It can also be argued that the provision denies the holders of the severed mineral interests due process of law, since it would permit the taxing officials to assign a value of one dollar per acre to the minerals in the absence of any evidence that they had any value at all. It would also seem to require the minerals to be given that value, in spite of positive evidence that they had some unascertainable value of less than one dollar per acre.
You inquire about whether the provision would violate the uniformity clause of Article VIII, section 1 of the Constitution. It might. That provision requires taxes to be levied uniformly and proportionately upon all tangible property. Even though the values might be unknown or unascertainable, it might be shown that some such minerals had greater prospects of production than others. To value all of them the same would appear to violate Article VIII, section 1.
It is therefore apparent that the amendment raises several questions as to constitutionality which might be difficult to answer.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General