**In re E.A. NORD COMPANY, INC., Debtor.**

**E.A. NORD COMPANY, INC., Plaintiff,**

v.

**STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, Defendant.**

**Bankruptcy No. 86–01113.
Adv. No. A86–07948.**

United States Bankruptcy Court, W.D. Washington.

July 8, 1987.

Jerome E. Westby, Asst. Atty. Gen., Temple of Justice, Olympia, Wash., for defendant/State of Wash.

W. Jeff Davis, Hatch & Leslie, Seattle, Wash., for debtor/plaintiff.

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Bankruptcy Judge.

### FACTS AND ISSUES

The facts are not in dispute. Under Title 51 of the Revised Code of Washington employers are required to provide workman's compensation coverage for employees. This obligation may be satisfied either by qualifying as a self-insurer or by making compulsory contributions to the Washington State Industrial Insurance Fund. From January of 1974 until December of 1985 the debtor was certified by the State as a self-insurer. After decertification, the debtor was required to post a bond.

This Chapter 11 case was filed on February 18, 1986. The State of Washington (Department of Labor and Industries) filed a claim in the amount of $109,005.70 based on unpaid premiums of $99,421.70 and penalties of $9,584.00 for the debtor's failure to pay its premiums for October of 1985 through February 16, 1986. The claim asserts priority for the principal under Section 507(a)(7) of the Bankruptcy Code and priority under Section 507(a)(7)(G) for the penalty.

The debtor has objected to the claim, contending that the required payments to the fund are not taxes but are insurance premiums which are not entitled to a priority status. The objection was converted to an adversary proceeding, and the debtor has now moved for summary judgment.

There are two issues before the Court. The first is whether the payments required to be made by employers to the Industrial Insurance Fund are taxes within the meaning of Section 507(a)(7) of the Code. The second is whether a penalty imposed for nonpayment, assuming the payments are taxes, is entitled to priority.

### DISCUSSION

In the briefs the parties have cited innumerable cases which come to varying conclusions. However, there are two cases which this Court deems particularly applicable as precedents, one decided by the District Court of the Western District of Washington and the other by the Ninth Circuit Court of Appeals.

*In re Farrell,* 211 F. 212 (D.C., W.D. Wash., 1914), which arose under the Bank-

ruptcy Act, involved the precise issue now before the Court. In *Farrell*, the Court defined a tax as a pecuniary burden imposed for the support of the government, and as an enforced proportionate contribution levied on persons and property for the support of government and for all public things. The Court concluded, under the then version of the Washington Workman's Compensation Law, that the requirement to pay into the fund was an assessment against a class for the benefit of a class; and that Congress intended to include within the priority section of the Act only such taxes as were required to be paid into a common fund for the support of government. The Court also concluded that the general assessment provisions of the Industrial Insurance Act did not assess a tax which was paid into a fund for the support of government, but created an "accident fund" for a special purpose. The Court then held that the claim of the State was not a tax entitled to a priority status.

The second case (also a Bankruptcy Act case) is that of *In re Lorber Industries of California, Inc.*, 675 F.2d 1062 (9th Cir. 1982), which involved a priority claim filed by a sewer district for use fees assessed against the debtor. The district contended that the fees were taxes entitled to priority, while the debtor argued that the district was a general unsecured creditor.

The *Lorber* Court first held that if a claimant is to be granted priority, the status must be justified by clear statutory authorization. The Court also held that to be classified as a tax entitled to priority, the charges had to be taxes as defined by federal law, and their classification as priority claims had to be consistent with the terms and provisions of the Bankruptcy Act.

The Court proceeded to define a tax for the purpose of Section 64(a) of the Act (the predecessor to Section 507(a)(7) of the Code) as follows:

(a) An involuntary pecuniary burden, regardless of name, laid upon individuals or property;

(b) Imposed by, or under authority of the legislature;

(c) For public purposes, including the purposes of defraying expenses of government or undertakings by it;

(d) Under the police or taxing power of the state.

*Lorber, supra,* at 1066.

The Court further defined a tax as an "involuntary pecuniary burden" and as a non-contractual obligation imposed by state statute upon taxpayers who had not consented to its imposition. The Court concluded that the debtor's obligation to the sewer district was based on a voluntary contractual agreement, and therefore was not a tax and was not entitled to priority.

█ As applied to the case now before the Court, *Lorber's* definitions of a tax are far more important than the result of the case. It is interesting to note that *Lorber* does not cite *Farrell*. It is also interesting to note that the Washington Workman's compensation statute has been amended in significant particulars since the 1914 ruling in *Farrell*.

This Court concludes that the resolution of this case is dependent upon the definition of a "tax" for priority purposes in bankruptcy and finds itself in the unusual situation of being bound by conflicting decisions of its District Court and a more recent ruling of the Ninth Circuit Court of Appeals. This Court concludes that it is required to apply the Ninth Circuit's definition of a tax as set forth in *Lorber*, which does not include the "common fund" and "special purpose" analyses set forth sixty-eight years before in *Farrell*.

█ Applying the *Lorber* definitions to the present requirement of contributions to the Washington State Industrial Insurance Fund, the following are clear: (a) that the requirement to make contributions is an involuntary pecuniary burden laid upon individuals, i.e., employers; (b) that the requirement is imposed by the State Legislature; (c) that the contributions are for a public purpose; and (d) that the contributions are imposed under the taxing power of the State. It is also clear that the requirement to make contributions is an involuntary pecuniary burden imposed by

state statute upon taxpayers who have not consented to its imposition.

Accordingly, it is concluded that the requirement imposed by the State of Washington to make contributions to the Washington State Industrial Insurance Fund imposes a tax for priority purposes in bankruptcy. If the payments are outstanding at the time of the filing of a petition in bankruptcy, the State is entitled to a priority claim under Section 507(a)(7) of the Code.

The penalty portion of the claim is governed by Section 507(a)(7)(G) of the Code which grants a priority to a penalty that is related to a claim of a kind specified in Section 507(a)(7)(G) which is in compensation of actual pecuniary loss.

The debtor first cites R.C.W. 51.16.150 which states:

If any employer shall default in any payment to any fund, the sum due may be collected by action at law in the name of the state as plaintiff, and such right of action shall be in addition to any other right of action or remedy. If such default occurs after demand, there shall also be collected a penalty equal to 25% of the amount of the defaulted payment or payments.

The debtor then argues that the twenty-five percent default charge is a penalty because the statute terms it a penalty; that the statute makes no reference to a charge for lost pecuniary values for the non-timely payment; that the statute is obviously designed to compel employers to comply; and that its position is supported by R.C.W. 51.48.100 which provides for the waiving of penalties.

That State argues that it is obvious that the failure to report and pay premiums in a timely manner results in lost investment to the fund and thus a pecuniary loss; and that the loss is not made up by interest since Title 51 of the Revised Code of Washington contains no general interest provision that begins to run from the date payment is due.

The Court agrees with the debtor's position, namely that the statute is designed as a penalty and not as a substitute for interest nor to compensate it for actual loss and that the penalty language of R.C.W. 51.16.-150 was intended as anything more than a statutory method of compelling compliance.

## CONCLUSION AND ORDER

1. The payments required to be made by an employer to the Industrial Insurance Fund of the State of Washington pursuant to Title 51 of the Revised Code of Washington are taxes entitled to a priority under Section 507(a)(7) of the Bankruptcy Code. Therefore, it is ORDERED that the debtor's motion for summary judgment as to the $99,421.70 of unpaid premiums at the time of filing is denied.

2. The penalty portion of the State's claim in the sum of $9,584 represents a penalty which is not in compensation of actual pecuniary loss. Accordingly, the penalty portion of the claim is not entitled to priority under Section 507(a)(7)(G) of the Bankruptcy Code. Therefore, it is ORDERED that the debtor's motion for summary judgment as to the penalty is granted and that the penalty is not entitled to priority, but is approved as a general unsecured claim in the sum of $9,584.