In re Thomas D. HUTCHINSON and Sandra R. Hutchinson, Debtors.

Bankruptcy No. B-91-04732-PCT-SSC.

United States Bankruptcy Court, D. Arizona.

Jan. 13, 1992.

Tim D. Peterson, Flagstaff, Ariz., for debtors.

Lawrence D. Hirsch, Hirsch Law Office, P.C., Phoenix, Ariz., for the Indus. Com'n of Arizona.

Ralph M. McDonald, Trustee Phoenix, Ariz.

MEMORANDUM OF DECISION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

This matter comes before the Court upon the cross-motions for summary judgment filed by Chapter 13 Debtors Thomas D. and Sandra R. Hutchinson and the Industrial Commission of Arizona.

I

On or about September 5, 1991, the debtors amended their bankruptcy petition to include a judgment owed the Industrial Commission for $1,421.50. The claim consists of a principal sum of $384.64, plus a statutory penalty imposed under A.R.S. § 23-907(C) for $500.00. The remaining portion of the claim is for interest and attorneys' fees. In the claim, the Commission alleges debtors did not provide benefits for employees. As a result, the special fund of the Arizona Industrial Commission paid benefits to the debtors' employee.

The debtors take the position the claim is not a priority tax, but simply a charge for rendered services. State law, debtors argue, allows an employer to choose to pay premiums to the fund, be self-insured or use any other insurance carrier. Obtaining insurance is for the private benefit of the employer, who, absent insurance, is liable to an injured employee. In short, the so-called tax is in reality a voluntary undertaking for a private benefit. As such, debtors believe the debt is not entitled to priority status under the Bankruptcy Code.

The position of the Industrial Commission is that the special fund is used in part to provide compensation to employees whose employers have no workers compensation coverage on the date of an injury. The Legislature directed that the Commission collect reimbursement of funds expended to provide benefits to those injured employees.

The Commission argues that under Ninth Circuit law a four-part test for determining whether a debt is a tax has been estab-

lished. Under this test, The Commission believes it is entitled to priority tax status.

## II

The discrete issue is whether the judgment obtained by the Industrial Commission entitles it to priority status as a tax under 11 U.S.C. § 507(a)(7)(E). The Commission's additional request for a finding of priority status as a penalty under § 507(a)(7)(G) was withdrawn at oral argument.

## III

■ Under § 507(a)(7)(E), a claimant is entitled to a seventh priority where its claim is an excise tax on a transaction occurring during the three years immediately preceding the date of filing of the petition. Currently, there is no Ninth Circuit authority on whether this claimant is entitled to a seventh priority claim. However, our Court of Appeals has defined a tax for purposes of § 64(a) of the Bankruptcy Act, the predecessor to § 507(a)(7), as follows: (1) An involuntary pecuniary burden laid upon individuals or property (2) imposed under authority of the legislature (3) for public purposes, including the purpose of defraying expenses of government (4) under the police or taxing power of the state. *In re Lorber Industries of California*, 675 F.2d 1062, 1066 (9th Cir.1982).

Although the *Lorber* test was developed for Act cases, it has been employed by the Bankruptcy Appellate Panel for cases under the Bankruptcy Code. *See In re George*, 95 B.R. 718, 720 (9th Cir. BAP 1989); *aff'd*, 905 F.2d 1540 (9th Cir.1990). Thus, the test has continuing viability for Code cases. *See also In re E.A. Nord Company*, 75 B.R. 634, 636 (Bankr. W.D.Wash.1987).

■ In the present case, the burden on employers is imposed under the authority of the Legislature and results from the exercise of the police power of the State. *See* ARIZ. CONST. art. 18, § 8. It appears to be an involuntary pecuniary burden since employers are required to comply with the statute's mandate.

The remaining issue is whether the statutory burden is imposed for a public purpose. In a recent opinion, the Fourth Circuit held worker's compensation premiums,

which employers were required to pay, constitute pecuniary burdens for a public governmental purpose. The public purpose was to allocate costs of injured employees and their dependents among employers rather than upon the public. *New Neighborhoods v. W.V.A. Workers Compensation Fund*, 886 F.2d 714, 719 (4th Cir.1989).

The Court conceded the above purpose may be considered a funding mechanism for a specific state undertaking: i.e., providing for injured employees and their dependents. That, however, in no way altered the fact the collection funds serve the public purpose of compensating employees who otherwise might require public assistance if their tort claims could not be successfully asserted. 886 F.2d at 719.

*New Neighborhoods* also cited the *E.A. Nord Company* case. There, the Bankruptcy Court for the Western District of Washington cited *Lorber* and held the Washington workers compensation statute was an excise tax that embodied a public purpose. *See In re E.A. Nord Co.*, 75 B.R. at 636.

In the present case, the Arizona workers compensation scheme also embodies a public purpose. The Arizona Constitution art. 18, § 8, provides a right to compensation for injured employees. The purpose of enacting the legislation was to provide security for the employee and his or her family during disability. *See Industrial Commission v. Oden*, 68 Ariz. 234, 239, 204 P.2d 849, 852 (1949). In short, the Legislature is mandated by the Arizona Constitution to provide a workers compensation law for the purpose of compensating employees who otherwise might require public support if their tort claims could not be successfully asserted. As such, the final *Lorber* factor exists and the principal amount paid out of the special fund is entitled to priority status under § 507(a)(7)(E).

## IV

Accordingly, the State's motion for summary judgment is granted and debtors' motion for summary judgment is denied.