**In re HOVAN, INC., Debtor.**

**Bankruptcy No. 93-05450.**

United States Bankruptcy Court, W.D. Washington, at Seattle.

Oct. 4, 1994.

---

William S. Weinstein, Seattle, WA, for debtor.

## MEMORANDUM OPINION

KAREN A. OVERSTREET, Bankruptcy Judge.

A hearing was held September 30, 1994 on the debtor's objection to claims filed by the Washington State Employment Security Department ("ESD"), the Department of Labor and Industries ("L & I"), and the Department of Revenue ("DOR"),[1] referred to collectively herein as the "State." The debtor objects not to the amount of the claims but to the priority of the penalty portions of the claims.[2] For the reasons following, the debtor's objection is sustained and the penalty portions of the State's claims are accorded the status of general unsecured claims.

## I. FACTS

The debtor's plan was confirmed June 6, 1994. The plan provides that priority tax claims will be paid in full within six years from the date of assessment pursuant to 11 U.S.C. § 1129(a)(9)(C).[3] The debtor has accorded priority treatment to the State's claim for prepetition interest, but has classified the State's penalty claims as general unsecured claims.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B) as it relates to the allowance or disallowance of claims.

## III. DISCUSSION

Bankruptcy Code Section 507 provides that a tax penalty "related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss" is afforded priority treatment. § 507(a)(7)(G). The State's tax claims are all allowed unsecured claims of governmental units and are therefore "of a kind specified" in Section 507(a)(7). The issue, then, is whether the penalties levied are "in compensation for actual pecuniary loss."

The penalty portions of the pertinent Washington state statutes provide that penalties for delinquent tax payments are determined on the basis of a percentage of the tax overdue. The ESD & L & I penalties are 5% of the tax due for the first month of delinquency; 10% of the tax due for the second month of delinquency; and 20% of the tax due for the third month of delinquency. RCW 50.12.220; RCW 51.48.210. The DOR penalty is 10% of the tax due for the first month of delinquency and 20% of the tax due for the second month of delinquency. RCW 82.32.090; 82.32.050. Each of the foregoing statutes provides separately for interest on delinquent payments.

Courts addressing the issue of tax-penalty priority have generally found that tax penalties levied in addition to interest, and in particular flat-percent tax penalties, are punitive in nature rather than compensatory. See, e.g., In re E.A. Nord Co., Inc., 75 B.R. 634 (Bankr.W.D.Wash.1987) (25% penalty for overdue L & I payments is designed to compel compliance and is punitive in nature, even where statute does not provide for interest); In re Brinegar, 76 B.R. 176, 178 (Bankr.

---

1. Although the debtor did not file an objection to the DOR tax claim, the debtor claims in its moving papers that the penalty/priority question at issue here arises in the context of the DOR claim as well as those of ESD and L & I.

2. The L & I penalty at issue is $4,524.09, the ESD penalty is $694.24, and the DOR penalty is $163.81.

3. Unless otherwise noted, all statutory references in this Memorandum Opinion will refer to Title 11 of the United States Code.

D.Colo.1987) (interest is assessed "to compensate for lost monetary value while a penalty is ordinarily charged for failure to act by a certain deadline"); *In re Jackson*, 80 B.R. 213, 215 (Bankr.D.Colo.1987) (penalty that was assessed in addition to interest bore no relation to actual pecuniary loss but was punitive in nature); *In re Hirsch–Franklin, Enterprises, Inc.*, 63 B.R. 864, 873–74 (Bankr.M.D.Ga.1986) (interest compensates for a pecuniary loss and is accorded priority, while penalty was presumptively punitive in nature and not accorded priority); *In re New England Carpet Co., Inc.*, 26 B.R. 934, 936–37 (Bankr.D.Vt.1983) (interest compensates for loss of use of the delinquent tax money, therefore penalties are punitive and not entitled to priority).

The State argues that in order to determine whether a penalty is in compensation for actual pecuniary loss, this Court should make a factual inquiry in every tax-penalty situation. The State seeks to present evidence that it has incurred specific collection expenses, such as legal fees, filing fees, etc., which are directly related to this case and which should be accorded priority status provided they do not exceed the amount of the statutory penalty. According to the State's theory, in each case where costs could be proved, the State would have a right to recover those costs up to, but not in excess of, the amount of the penalty.

The problem with the State's argument is that the statutes at issue do not make any reference whatsoever to collection costs of the State. The issue is not whether the State can account for costs and fees in a particular case, up to the percentage limits provided in each penalty statute, but whether the state legislature has shown an intent that penalties levied are intended to compensate the State for actual pecuniary loss.

There is no indication, either in the clear statutory language or in the legislative history, that the penalties at issue here are anything other than punitive in nature. The legislature could have provided that the penalties for delinquent taxes are intended to compensate the State for attorney's fees and costs incurred. Instead, the penalty statutes are silent as to the purpose of the penalties levied. Furthermore, the penalties increase automatically each month and thus are not even nominally tied to increased collection costs by the State.

■ Some courts have premised their finding that penalties are solely punitive on the fact that the taxing authority submitted no evidence to the contrary. *See, e.g., New England Carpet Co., supra* at 937; *In re Ayala*, 35 B.R. 651, 655–56 (Bankr.D.Utah 1983). This Court finds instead that the compensatory nature of a penalty must be demonstrated by the clear statutory language or in the legislative history. As there is no such indication of compensatory intent in the relevant statutes or their legislative history in this case, this Court finds that the penalties levied are punitive in nature and are therefore not entitled to priority status.